Eliza G. T. Libby *vs.* John W. Thornton *et als.*

*Deed—construction of.*

A deed executed four years before the grantor's death was expressed as conveying "all the estate I now own, or may own at the time of my decease," and that it was "to have full effect immediately before my (the grantor's) decease:" *held,* that it conveyed only such of the real estate owned by the grantor at the date of its execution as he continued to own when it took effect, and did not convey any realty acquired after its execution.

The grant of the real estate owned at his decease is void.

On report.

Real action to recover an undivided seventh of three parcels of land, each parcel being described in a separate count. The parties are children of the late James B. Thornton of Scarborough, deceased, who died February 13, 1873, leaving seven heirs. Upon the fourth day of February, 1869, said James B. Thornton wrote, executed and acknowledged a warrantee deed in ordinary form, bearing that date, by which "in consideration of the sum of one dollar and my natural affection, paid by my four sons, J. Wingate Thornton, James B. Thornton, Charles C. G. Thornton and Henry Thornton," he conveyed to "the said John, James, Charles and Henry, their heirs and assigns forever, equally and undivided all the real estate wherever situated, that I now own or may own at the time of my decease. . . . . A list of the several pieces or lots of land will be found with my papers. This deed to have full effect immediately before my decease." A few days before his death, and in contemplation of that event as impending, the grantor delivered this deed to one of the grantees and it was recorded February 28, 1873. By his will, made October 18, 1869, Mr. Thornton, in the third item of it, gave all his personal property to these four sons, adding these words, "having before given to them by deed all my real estate." They were directed to pay certain legacies out of the property.

The demandant introduced a deed from Ancyl A. Thurston to

said James B. Thornton, senior, dated and executed May 13, 1872, and recorded February 27, 1873, which, it was admitted, covered and conveyed the lots described in the first count in the demandant's declaration.

It will be perceived that this deed bears date (May 12, 1872,) · subsequently to that from Mr. Thornton to his sons, executed February 4, 1869.

The demandant also introduced deeds dated, executed and recorded in 1851 and 1852, from Dorville Libby and from John Fogg to said late James B. Thornton, conveying the land demanded in the second count of her declaration ; and a deed dated, executed and recorded in December, 1854, from John Libby to said late James B. Thornton, conveying the parcel described in her third count. She also put in a number of deeds from James B. Thornton, senior, and two deeds to him of later dates than February 4, 1869. The defendants were executors of their father's will and found among his papers and produced at the trial three lists or inventories of his estate real and personal, made by him, the first dated August 16, 1867, the second February 26, 1869, and the third July 31, 1871. The cause was reported to the court sitting *in banc* for determination.

*Butler & Libby* for the demandant.

The deed of February 4, 1869, from Mr. Thornton to his sons, is void for uncertainty. It was not the decedent's intention that it should take effect upon delivery, and the land upon which it would operate was indefinite and uncertain. It purports to convey "all the real estate wherever situated, that I now own, or may own at the time of my decease." This was a fluctuating quantity ; liable to be diminished by subsequent sales, or increased by subsequent purchases. There might be nothing left upon which the covenants in the deed could operate. As a matter of fact, the lists show that, after the execution of this deed and before its delivery, his real estate was decreased in amount by sales, since the valuation affixed to the several lots remains unchanged.

In 1867, his realty was valued at $51,150 ; in 1869, at $48,550 ;

and in 1871, at but $34,100. Can such a description suffice in a deed? If so, wills are no longer necessary, and property can be disposed of without any of the formalities required by the statute of wills.

In any event, it cannot convey the first demanded lot, acquired subsequently to February 4, 1869, since the "now" in the deed must refer to the date of its execution. 2 Washburn on Real Property,* 622; *Gold* v. *Judson,* 21 Conn., 652; *Cole* v. *Scott,* 16 Sim., 259; *Joseph* v. *Bigelow,* 4 Cush., 82.

The lists cannot enlarge nor weaken the language of the deed. The first lot is not found in either of them, nor was it devised by the will, which did not purport to act upon any realty, but spoke of it as having been already given by deed.

*Strout & Holmes* for the tenants.

The description of all property owned by him immediately before his decease was sufficient to convey all that he is proved to have possessed when that instant of time arrived. *Marr* v. *Hobson,* 22 Maine, 321; *Bosworth* v. *Sturtevant,* 2 Cush., 392; *Bird* v. *Bird,* 40 Maine, 398; *Adams* v. *Cuddy,* 13 Pick., 460; *Chaffin* v. *Chaffin,* 4 Gray, 280; *Jamaica Pond Aqueduct Corporation* v. *Chandler,* 9 Allen, 159.

If the general description were insufficient, the lists by reference become a part of the deed and fully identify the parcels conveyed thereby. *Marr* v. *Hobson,* 22 Maine, 321; *Proprietors of Kennebec Purchase* v. *Tiffany,* 1 Maine, 219; *Allen* v. *Bates,* 6 Pick., 460; *Foss* v. *Crisp,* 20 Pick., 121.

The deed takes effect from delivery and conveys all estate then owned by the grantor. *Oatman* v. *Walker,* 33 Maine, 67; *Sweetser* v. *Lowell,* Id., 446; *Fairbanks* v. *Metcalf,* 8 Mass., 230; *Mayburry* v. *Brien,* 15 Peters, 21; *Parmelee* v. *Simpson,* 5 Wallace, 81.

Being duly executed, acknowledged and delivered, the fact that it conveyed an estate *in futuro,* upon the happening of a contingency, however fatal under the old law of England, is no objec-

tion in this state. *Wyman* v. *Brown*, 50 Maine, 139; *Drown* v. *Smith*, 52 Maine, 141.

DICKERSON, J. It is a cardinal rule that deeds are to be so construed as to give effect to the intention of the parties. The intention must be intelligible and consistent with the rules of law. If an instrument in writing upon its face purports to pass the title to land in such manner and form as by the rules of law can only be done by will, it cannot be sustained as a deed. A deed given to take effect *in futuro*, upon its subsequent delivery, or some future contingency, may not convey the same property that a deed having the same description conveys, when it takes effect at the time of its execution. Between the time of execution and the time of taking effect the grantor may have conveyed a part or the whole of the property intended to be conveyed to a *bona fide* purchaser, who holds it under a recorded deed; or it may have been taken on execution. In such cases, the grantee acquires title to such part of the land only as remains the property of the grantor when the deed takes effect. The intention to be regarded must be one existing in the minds of the parties when the deed is executed. When the question arises with respect to what particular land the deed conveys, the inquiry is what did the grantor intend to convey, and the grantee to receive. Their intention in this respect is to be ascertained from the description in the deed. If the subject of the grant cannot be identified from that, the grant becomes void for uncertainty. 2 Washburn on Real Property, 622.

The application of these principles to the case at bar, renders a solution of the question presented easy and satisfactory. As it does not appear that the grantor under whom the defendants claim, made or received any conveyances between the time of the delivery of the deed and his death, and does appear that the deed was delivered in his life time, it is not necessary to determine whether the deed took effect on delivery, or immediately before the grantor's death. Nor is it necessary to determine whether the description in the deed "all the real estate wherever situated, that I now

own," is alone sufficient to convey all the real estate the grantor owned when the deed was executed, inasmuch as this description is aided by being coupled with "a list of the several pieces or lots of land," found among the grantor's papers, and referred to in the deed. These clauses together clearly show that the grantor had a legal and intelligible intention to convey, and the grantees to receive by the deed title to "the several pieces or lots," described in the memoranda thus referred to. It follows from the principles before stated that, though the deed was intended to take effect *in futuro*, it operated to convey the grantor's title to such parts of "the several pieces or lots of land," referred to in the deed as he continued to own when the deed took effect.

Did it convey more? In other words, did the deed convey the grantor's title to real estate acquired by him after the deed was executed, and remaining his when it took effect? The language of the description in the deed is, "all the real estate, wherever situated, that I now own, or may own at the time of my decease." The latter clause in the description is not aided by the subsequent reference in the deed to "the several pieces or lots of land," as that relates to real estate owned by him when the deed was executed. Real estate acquired by the grantor subsequently to the execution of the deed was not *in esse* with respect to him when he signed the deed. Neither he nor his grantors could then have had any rational or intelligible intention with regard to the location, quantity, number of parcels, value and the like, of the real estate he might thus acquire. He might take conveyances of property that would increase the value of the estate he owned when the deed was executed, an hundred fold, and might dispose of it all before, or retain the whole or a part of it when the deed should take effect. Upon all these matters the deed is silent, though it is to the description in the deed that we are to look in order to ascertain what particular real estate was designed to be conveyed by this clause in the deed. The subject of the grant under this clause cannot be ascertained from the description, and the grant is necessarily void for uncertainty. Moreover, the deed

cannot be held to pass the grantor's title to real estate acquired by him subsequently to its execution, without abolishing the distinction between the formalities required by the statute of wills, and those necessary to convey real estate by deed.

*Judgment for the demandant*
*on the first count in the writ.*

APPLETON, C. J., WALTON, BARROWS and VIRGIN, JJ., concurred.

PETERS, J., concurred in the result. He thought the description "all the real estate, wherever situated, that I now own," a good and sufficient description, but did not perceive, if it was not good, how it was aided by a reference to "a list of the several lots of land to be found with my papers." The reference is too loose, indefinite and uncertain to be reliable. It is easy to find pieces of paper, and it is to be apprehended that it might be improved upon as a precedent.